# IN THE COURT OF APPEALS OF IOWA

————————

No. 25-0988
Filed June 24, 2026

————————

**Walmart, Inc., and Wal-Mart Stores, Inc.,**
Plaintiffs–Appellants,

v.

**Warren County Board of Review,**
Defendant–Appellee.

————————

Appeal from the Iowa District Court for Warren County,
The Honorable Terry Rickers, Judge.

————————

**AFFIRMED**

————————

Paul J. Esker (argued), Paul D. Burns, and Olivia A. McGovern,
of Bradley & Riley, PC, Iowa City, attorneys for appellants.

Brett Ryan (argued) of Watson & Ryan, PLC, Council Bluffs,
attorney for appellee.

————————

Heard at oral argument
by Schumacher, P.J., and Ahlers and Badding, JJ.
Opinion by Badding, J.

1

**BADDING, Judge.**

Walmart, Inc. and Wal-Mart Stores, Inc. (collectively, "Walmart") appeal the district court's order denying relief from the Warren County Assessor's 2023 valuation of Walmart's 189,108-square-foot Indianola supercenter. The assessor set the property's market value at $11,274,200. According to Walmart, it's worth two or three million less. At the heart of the dispute is a methodological question: Given the unique market for owner-occupied, big-box retail properties, how should an assessor select and adjust comparable sales when attempting to determine market value?

This appeal was submitted alongside *Walmart, Inc. v. City of Ames Board of Review*, where Walmart challenged the sales-comparison analysis applied by an expert witness (Mark Kenney) who testified in support of the assessor's valuations. It argued Kenney's approach to big-box appraisal "failed to comply with Iowa law" because he declined to "subtract the independent value added by the leases" in his comparable sales, thereby valuing Walmart's owner-occupied stores "as if they were leased." Our opinion in that case—also filed today—rejects Walmart's theory, finding Iowa Code section 441.21 (2023) does not require an assessor to remove the "independent value" of a lease, provided that the comparable sale is otherwise adjusted to account for a lease's price-distorting attributes. *See Walmart, Inc. v. City of Ames Bd. of Rev.*, No. 25-1342, 2026 WL _____ (Iowa Ct. App. June 24, 2026).

Walmart raises an identical challenge in this case, where the same valuation expert applied the same methodology to conclude that the county's assessment was not excessive. For the reasons discussed in *City of Ames*, we reject Walmart's argument here. Kenney sought to adjust the prices of his comparable sales to the extent he believed they were distorted by

advantageous or disadvantageous lease terms. By accounting for these factors, Kenney complied with the adjustment requirement of section 441.21(1)(b)(1). True, this method treated Walmart's owner-occupied property as though it were subject to a value-neutral, market-rate lease—but that is an appropriate assumption when valuing big-box retail property as a going concern. *See Soifer v. Floyd Cnty. Bd. of Rev.*, 759 N.W.2d 775, 788–89 (Iowa 2009).

That leaves us with Walmart's fallback argument that Kenney's particular adjustments failed to ensure an apples-to-apples comparison. Among other things, Walmart claims Kenney: (1) used faulty statistics to adjust for the locations of his comparable sales; (2) relied on questionable data when accounting for his comparators' leases; (3) misapprehended big-box retail trends when adjusting for relative market conditions; and (4) applied arbitrary adjustments for the "age" and "condition" of each property. Walmart cross-examined Kenney on each of these points at trial. The district court was persuaded in part, finding certain aspects of Kenney's appraisal "appear to overvalue the property."

We agree that Kenney may have turned the dial too far with some of his adjustments in this case. But we are also mindful that property valuation, while "necessarily expressed in quantitative terms," has never been "a mathematical exercise." *Wellmark, Inc. v. Polk Cnty. Bd. of Rev.*, 875 N.W.2d 667, 672 (Iowa 2016). Assessment disputes regularly boil down to a choice between opposing expert opinions. *See Nationwide Mut. Ins. Co. v. Polk Cnty. Bd. of Rev.*, 983 N.W.2d 37, 42 (Iowa 2022). And where that decision hinges on credibility, we are reluctant to second-guess the district court's judgment—even on de novo review. *See, e.g.*, *Walmart, Inc. v. Marshall Cnty. Bd. of Rev.*, No. 24-1964, 2026 WL 886741, at *3 (Iowa Ct. App. Apr. 1, 2026);

*Walmart, Inc. v. Dallas Cnty. Bd. of Rev.*, No. 21-1831, 2023 WL 2670039, at *6 (Iowa Ct. App. Mar. 29, 2023); *La Posada Grp. LLC v. Pottawattamie Cnty. Bd. of Rev.*, No. 21-0320, 2021 WL 5913614, at *10 (Iowa Ct. App. Dec. 15, 2021); *Payton Apartments, Ltd. v. Bd. of Rev. of City of Des Moines*, 358 N.W.2d 325, 329 (Iowa Ct. App. 1984).

Weighing the competing testimony of Walmart's experts—whose own assumptions and inconsistencies were exposed on cross-examination—the district court found that Kenney's approach "more credibly and accurately" estimated the market value of Walmart's property. Having reviewed the full record, we decline to disturb that conclusion. While the "question of value is far from certain given the millions of dollars separating each expert's opinion," *Dallas County*, 2023 WL 2670039, at *6, we find Kenney's valuation sufficient to support the $11,274,200 assessment.[1] We therefore affirm without further opinion. *See* Iowa Ct. R. 21.26(1)(b).

**AFFIRMED.**

---

[1] Walmart separately contends the district court violated Iowa Code section 441.38(3) when it cited a 2022 assessment of the property "as further support" for its decision to deny relief. Because our review is de novo, this is not an independent basis for reversal. *Dallas County*, 2023 WL 2670039, at *2 (finding Walmart's "disagreement with the district court as to the effect of a prior adjudication of value" was immaterial to the protest at hand). And to the extent Walmart suggests it is a reason for us to doubt the court's credibility finding, we are not swayed.